A practice has obtained to permit the entry to be given in evidence against a grant; this seems to be founded in principles of law; the entry is of record, and may be brought into view, as well as the grant; the principle seems to arise from a fair construction of the Acts of 1786. c. 20. and 1787, c. 23. These acts declare that a grant obtained on a younger entry to the prejudice of an older one, shall be void. Thus far he was willing to go in a court of law, but no further; and consequently personal notice must be laid out of view. He agreed with the opinion last delivered, that the erasure complained of, supposing it to exist, would not vacate the grant. In addition to that opinion, he would further state a distinction which seemed clearly to exist between a grant and an ordinary bond. In the first an estate is vested. An erasure, therefore, will not divest an estate once vested. In the other it bars all remedy, and destroys the effect of the instrument. Proof of notice, except from the face of the entry, cannot be received in a court of law. The entry, being matter of record, can *Page 412 
only be resorted to on the ground of notice. It has been contended that the plaintiff's entry could not be considered as such until it was put on the books, which was after the Act of 1784, requiring locations to be entered of record. It is worthy of remark that the Acts of 1786 and 1787 only speak of entries and not locations, and there certainly may be a distinction between them. Before the Act of 1784, requiring an entry book to be kept of military lands, there might be locations, which it would seem cannot come into view under the Acts of 1786 and 1787.
Whether an entry be special or not must depend upon the entry itself, and cannot be made better or worse by parol proof of what the enterer intended. It is matter of law and not of evidence.[1] The ground of all proof respecting the calls of an entry must be laid in the entry. The entry must show the place called for, and parol or other proof will be received to show that the place in its situation, name, c, agrees with the calls of the entry; but where an entry is vague and uncertain proof cannot make it good. Whether a grant covers a place called for is also matter of evidence.
It is certain when all the calls of an entry cannot be complied with in a survey that some may be rejected without prejudicing the right of the enterer, and the most prominent calls should be adhered to. In the case before the Court there seems to be much dispute, whether Tatum's line or Little Harpeth was most prominent. By a reasonable and not a strained construction of the entry, it would seem to me that the call to lie above Tatum's entry means adjoining it above.[2] But whether Tatum's line, or Little Harpeth be most conspicuous, he did not feel decided; but was inclined to think there were many cases where it was the proper province of the jury to determine that point. This he believed one of those cases. It might be that Tatum's claim was more conspicuous than Little Harpeth; this is a fact which the jury must ascertain. It has been urged as an objection against the plaintiff's entry that Tatum's line was not in existence, and therefore this call has no effect. I am not of this opinion, Tatum was entitled to 5000 acres of land as a *Page 413 
commissioner, under an Act of Assembly, and I see no distinction between this call and the common call of another person's line after an entry and before a survey. In either case such a call would not be vague.[1]
 Mistrial.
[1] See 3 Cr. 186; 4 Dall. 88.
[2] Allison's Lessee v. Roper, Mero, May, 1803. Per Campbell and White, JJ., accordant.
[1] Polk's Lessee v. Gentry and others, ante,
p. 269.